**FILED**

MAR – 1 2017

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO CIVIL DIVISION

Mark A. Cantu §
§
Plaintiff, §
§
v. § **SA17CA0160 XR**
§ CIVIL ACTION NO._____
§
§
COMMISSION OF LAWYER DISCIPLINE §
And STATE BAR OF TEXAS §
§
Defendants. §
§

---

### PLAINTIFF MARK A. CANTU'S ORIGINAL COMPLAINT AND VERIFIED APPLICATION FOR RESTRAINING ORDER AND INJUNCTIVE RELIEF

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COMES NOW,** Mark A. Cantu and files this action and requests the Court to enter Declaratory Relief for Mark A. Cantu adjudicating **the unconstitutionality of Texas Rule Of Disciplinary Procedure 3.14; the resulting deprivation of due process and equal protection of the laws of Texas and the Constitution of the United States** and further grant an Injunction against the Commission of Lawyer Discipline and The State Bar Texas from depriving him of the practice of law pending his appeal of a judgment of disbarment entered April 11, 2016 due to the unconstitutionality of Texas Rule of Disciplinary Procedure 3.14.

### PARTIES

1.    Plaintiff MARK A. CANTU is natural person residing in Hidalgo County Texas.

2.      Defendant COMMISSION FOR LAWYER DISCIPLINE is a standing committee of the State Bar of Texas. Defendant may be served by delivering the *Summons* and *Plaintiff's Original Complaint* to Defendant by service upon the Chair of the Commission for Lawyer Discipline, John Neal at 1414 Colorado Street, Austin, Texas 78701or wherever he may be found.

3.      Defendant STATE BAR OF TEXAS is an agency of the judiciary under the administrative control of the Texas Supreme Court. Defendant may be served by delivering the *Summons* and *Plaintiff's Original Complaint* to Defendant by service upon its executive Director Michelle Hunter at 1414 Colorado Street, Austin, Texas 78701 or wherever she may be found.

## JURISDICTION AND VENUE

4.      This Court possesses jurisdiction because this Court possesses the authority to insure that a citizen's constitutional rights of due process and equal protection under the laws of the United States and Texas are protected and **to address whether Texas Rule Of Disciplinary Procedure 3.14 as written and applied in disciplinary proceeding deprives the attorney of his due process and equal protection under the constitution of the United States and Texas.**

5.      Venue is proper in the San Antonio Civil Division of the Western District of Texas as the State Bar of Texas in that prosecuting Counsel Paul Homburg and George Smith are office in San Antonio, Texas and represented the State Bar on the referenced trail.

## SUMMARY

6.      This is an action for declaratory relief regarding the right to due process and the right to equal protections under the United States Constitution and the Texas Constitution and the unconstitutionality of Texas Rule of Disciplinary Procedure 3.14.

7.      Plaintiff Mark A. Cantu seeks vindication of his rights with regard to his **inability to supersede a facially erroneous judgment of disbarment**, as guaranteed by the United States

Constitution, and the Constitution of the State of Texas. See Texaco Inc. v. Pennzoil Co., 784 F.2d 1133, 1155 (2d Cir. 1986), rev'd on other grounds, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987).

## PROCEDURAL HISTORY

8.     Because of fraud committed by fellow attorneys, Plaintiff Mark A. Cantu ("*Mark Cantu*" and "*Plaintiff*") was forced to file for bankruptcy. [Exhibit 8]

9.     Because of the complicated nature of his finances, and the patent incompetency of his bankruptcy counsel to handle such a complicated estate, a non-dischargeability complaint was filed. [Exhibit 6]

10.    Unfortunately, a trial was held in bankruptcy court before Judge Isgur, whom did not like Mark Cantu and did not find his testimony credible. [Exhibit 8]

11.    As a result, Judge Isgur wrote a 72 page opinion complaining about Mark Cantu and forwarded it to the State Bar Of Texas and other courts. [Exhibit 8]

12.    Though dislike of a debtor does not equate with professional misconduct, because of the opinion's author, the Commission For Lawyer Discipline commenced a disciplinary proceeding against the undersigned which was tried to a jury verdict in March 2016 and for which the trial court entered a judgment disbarring the undersigned, Mark Cantu on April 11, 2016. [Exhibits 1, 8]

13.    The Judgment of disbarment Ordered that  Mark A. Cantu was

    a. "Immediately disbarred and that he shall henceforth exercise none of the privileges and prerogatives of the office of an attorney at law.";

    b. "Permanently prohibited from practicing law in Texas, holding himself out as an attorney at law, preforming any legal services for others, accepting any fee directly or indirectly for legal services rendered after today, appearing as counsel or in any representative capacity in any proceeding in any Texas Court or before any Texas administrative body, or holding himself out to others or using his name, in any manner, in conjunction with the words 'attorney at law', 'counselor at law', or

'lawyer'."

and further ordering that he:

c.   "Shall immediately surrender his Texas law license and permanent State Bar Card to the State Bar of Texas, Chief Disciplinary counsel's office for transmittal to the Clerk of the Supreme Court Of Texas";

d.   "Shall immediately notify in writing all current client of his suspension";

e.   "Return all files, papers, monies and other property belonging to the clients....";

f.   "File with this Court on or before 12:01 a.m. on the 30th day following the signing of this judgment, an affidavit stating that all current clients have been notified of .....Disbarment and that all files, papers, monies and other property belonging to all clients have been returned as ordered.";

g.   "Shall immediately notify in writing each and every justice of the peace, judge, magistrate, administrative judge and/or chief justice or each and every court in which [Mark A. Cantu] has any pending matter of the terms of this judgment. ...."

14.   Said Judgment resulted from a trial whose entire process was riddled with error, including but not limited to the following:

a.   Permitting the Substantively and Jurisdictionally barred testimony of Bankruptcy Judge Isgur;

b.   Allowing Judge Isgur to present testimony which was expert in nature despite having been de-designated as an expert by the Commission For Lawyer Discipline after Daubert challenge by the undersigned;

c.   The State Bar's presentation of perjured testimony from Judge Isgur;

d.   Admittance into evidence of the 72 page bankruptcy judicial opinion of Judge Isgur to the jury which contained law, legal conclusions, his opinions and answers to the questions being presented to the jury in the disciplinary proceeding trial;

e.   Admittance into evidence of the 72 page bankruptcy judicial opinion of Judge Isgur when other jurisdictions throughout the United States have routinely condemned such practice as constituting reversible error;

f.   Admitting expert testimony from others not qualified to render such opinions;

g.   Failing to charge the Court on the good faith defense available to Mark Cantu pursuant to Comment 6 to Tx. Disc. Rule 8.04.;

h.  Denying a fair submission to the jury. Albeit unintentionally, the trial court's charge also improperly tied answers, such that if the jury found violation of one provision, it was required to find another.

i.  Failing to grant Mark Cantu's repeated requests for a Mistrial after jury notes from a confused, frustrated and fatigued jury notifying the court that they "we're not able to reach a decision" and that "ten out of twelve Jurors still cannot come to an agreement. We feel that we all cannot come to make a fair decision." and repeated instructions from the trial court to continue deliberating.

[Exhibit 8]

15.     After the judgment was entered and anticipating an appeal, Mark Cantu filed a Motion for Stay, requesting that the trial court's judgment of disbarment be stayed. However, relying on Tex. R. Disciplinary Procedure 3.14, the Trial Court denied such request on May 11, 2016. [Exhibits 2 and 8].

16.     Mark Cantu timely filed an 86 page Motion for New Trial (excluding exhibits), clearly demonstrating the erroneous nature of the judgment and citing and providing approximately 300 legal authorities from all around the United States which supported the undersigned's contention of errors, valid points and a probable right of recovery. However, said motion was erroneously denied by the Trial Court on June 21, 2016. [Exhibits 3 and 8].

17.     Mark Cantu subsequently perfected his appeal, which remains pending before the Corpus Christi 13th Court of Appeals.

18.     As part of his pending appeal, on July 7, 2016 the undersigned requested a stay of the judgment of disbarment from the Corpus Christi 13th Court of Appeals. Again relying on Tex. R. Disciplinary Procedure 3.14, the request was denied on July 14, 2016. [Exhibits 4 and 8].

19.     In addition, and in a final effort before the state courts to vindicate his constitutional rights to due process and equal protection, both under the United States and Texas Constitutions, Mark Cantu filed a Petition For Writ of Mandamus to the Texas Supreme Court. Said Court denied the petition for writ of mandamus, but failed to inform Plaintiff. On December 2, 2016 the

undersigned discovered that the Petition for Writ of Mandamus was denied on September 2, 2016. [Exhibits 5 and 8]. All state law remedies have been exhausted.

### STATEMENT OF CLAIM AND ARGUMENT

20.     A state is not required to provide for appellate review of a judgment. However, if it provides for the right of appellate review, the exercise of such rights must comply with the due process and equal protection clauses of the United States Constitution. Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 840, 83 L.Ed.2d 821 (1985); Griffin v. Illinois, 351 U.S. 12, 17–20, 76 S.Ct. 585, 589–91, 100 L.Ed. 891 (1956). For example, because of due process, undue burdens cannot be placed on litigants to obtain appellate review. See, e.g., Saharoff v. Stone, 638 F.2d 90 (9th Cir. 1980); O'Day v. George Arakelian Farms, Inc., 536 F.2d 856 (9th Cir. 1976); Compton v. Naylor, 392 F.Supp. 575, 577 (N.D. Tex. 1975); Matter of Forfeiture of Two Thousand Seven Hundred Thirty Dollars and No Cents ($2,730.00) in Cash, 111 N.M. 746, 809 P.2d 1274, 1277 (1991).

21.     Texans possess the constitutional right to appeal. Dillingham v. Putnam, 109 Tex. 1, 14 S.W. 303, 304–05 (1890). Accordingly, the exercise of such rights must comply with not only the United States Constitution, but the Texas Constitution.

22.     Traditionally, the ability to stay a judgment is inherent in the exercise of judicial authority. In re McKenzie, 180 U.S. 536, 551, 21 S.Ct. 468, 474, 45 L.Ed. 657 (1901). Thus, courts have been traditionally permitted some discretion in this area. See, e.g., Olympia Equipment v. Western Union Telegraph Co., 786 F.2d 794 (7th Cir. 1986); Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979); C. Albert Sauter Co., Inc. v. Richard S. Sauter Co., Inc., 368 F.Supp. 501 (E.D.Pa. 1973). However, Texas Disciplinary Rules bars granting a stay. Tex. R. Disciplinary Procedure 3.14.

23.     **Plaintiff herein states that the refusal to grant Mark Cantu his request for a stay violates his Due Process rights.** In particular the refusal to grant a stay of a judgment violates a party's due process rights if the appealing party cannot be made whole.   For example, if the judgment debtor would be destroyed during the pendency of the appeal, then refusal to grant a stay violates its due process rights.  Henry v. First National Bank of Clarksdale, 424 F.Supp. 633 (N.D. Miss. 1976), aff'd, 595 F.2d 291 (5th Cir. 1979), cert. denied, 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980); see also, In re Family Showtime Theatres, Inc., 67 B.R. 542, 551-52 (Bankr. E.D.N.Y. 1986).  As the Second Circuit has explained:

> "Federal due process forbids the state from arbitrarily excluding certain parties from exercising [their appellate rights].  Furthermore, due process requires that, once the state has created a right of appeal, it must offer each defendant a fair opportunity to obtain adjudication on the merits of his appeal.  A state would deny a defendant such a "fair opportunity" if it reduced the appeal to a "meaningless ritual" by denying him the means effectively to press his appellate arguments.  It is self-evident that an appeal would be futile if, by the time the appellate court considered his case, the appeal had by application of a bonding law been robbed of any effectiveness.

> Thus an inflexible requirement for impressment of a lien and denial of a stay of execution unless a Supersedeas bond in the full amount of the judgment is posted can in some circumstances be irrational, unnecessary, and self-defeating, amounting to a confiscation of the judgment debtor's property without due process.  A serious question presenting fair grounds for litigation is therefore raised by Texaco's claim that enforcement of Texas' lien and bond requirements would reduce its appeal to a meaningless ritual. Since Texaco would be bankrupt or in liquidation by the time its appeals were decided the hardship to it would be immeasurable, irrevocable, and irremediable by reversal of the judgment on the merits.

Texaco Inc. v. Pennzoil Co., 784 F.2d 1133, 1155 (2d Cir. 1986), rev'd on other grounds, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987).

24.     In the case at bar, refusal to grant a stay will likely destroy Mark Cantu, both in his law practice and individually.  He is in poor health, and particularly in need of a liver transplant. He is already in bankruptcy and unable to pay his bills.  The disbarment judgment has prevented him

from making a living, his economic situation has deteriorated rapidly, and has been depending on the kindness of others. He has had to sell his family's home in a short sale to avoid foreclosure. He has a son, who's SAT score was almost perfect and who has applied to multiple Ivy League schools and for whose college education he will now be unable to pay. He has a daughter who has graduated from medical school and who has had to curtail her interviews for surgical residency because of his inability to pay for the hotel, travel and meals. Failure to grant a stay during all these months is having a devastating and irreparable effect from which clearly no recovery will be had even when the anticipated favorable result from the 13th Court of Appeals is received. [Exhibit 8]

25.     Significant questions exist whether Mark Cantu could ever be restored when the trial court judgment is reversed. Traditionally, when a satisfied judgment is reversed on appeal, all proceeds obtained pursuant to the reversed judgment must be restored to the prevailing litigant. Miga v. Jensen, 299 S.W.3d 98 (Tex. 2009). As stated, Mark Cantu has been an attorney for 34 years been involved in over millions of dollars in recoveries and currently being deprived of participation in the profession on which he has based his livelihood and that of his family. Will the Commission on Lawyer Discipline pay damages to Mark Cantu for his lost income? Will the Commission on Lawyer Discipline pay for the time that Mark Cantu and his family are spending in this desperately unfortunate situation? Will the Commission on Lawyer Discipline pay Mark Cantu's family if he dies as a result of the tremendous stress of this occurrence and his inability to provide for either himself or his family? Clearly Mark Cantu's due process rights are violated, unless the State Bar of Texas and Commission on Lawyer Discipline stipulate that they will be liable and pay Mark Cantu in such circumstances.

26.     As such, the appeal of the disbarment is essentially a meaningless ritual, because final resolution of the appeal will not make any difference. Smothers v. Lewis, 672 S.W.2d 62, 65 (Ky.

1984).  As a result, Mark Cantu's due process rights have been violated.  <u>Texaco Inc. v. Pennzoil Co.</u>, <u>supra</u>; <u>Henry v. First National Bank of Clarksdale</u>, supra.

27.    **Additionally Plaintiff asserts that refusal to grant a stay violates his right to Equal Protection.**  Such violation occurs if the litigants are not treated equally.  If parties seeking appellate review are not treated equally, then a violation of equal protection has occurred.  <u>Lindsey v. Normet</u>, 405 U.S. 56, 78, 92 S.Ct. 862, 876, 31 L.Ed.2d 36 (1972); <u>Blair v. Stump</u>, 127 Ariz. 7, 617 P.2d 791 (Ariz. App. 1980).

28.    In Texas, every litigant can supersede a judgment.  If the litigant cannot afford it, he is entitled to a reduction in the amount of the bond he is required to post.  Tex. Civ. Prac. & Rem. Code §52.006(b); Tex. Civ. Prac. & Rem. Code §52.006(c).  **The exception**: an attorney who has been disbarred.  Tex. R. Disciplinary Procedure 3.14.  Clearly, such conduct violates equal protection. <u>Glowacki v. State Board of Medical Examiners</u>, 501 N.W.2d 539, 542 (Iowa 1993).

29.    Furthermore, a statutory bar to a stay violates equal protection, if a trial court can exercise discretion with regard to granting a stay of the judgment in other situations, but not in a particular form or type of lawsuit.  <u>Targee Management, L.L.C. v. Jones</u>, 177 Misc.2d 323, 327-28 (N.Y. Misc. 1997).

30.    In a normal appeal, a trial court is permitted to exercise some discretion in determining the amount of a Supersedeas bond.  Tex. Civ. Prac. & Rem. Code §52.006(b); Tex. Civ. Prac. & Rem. Code §52.006(c).  In an attorney discipline appeal, a trial court is permitted to exercise discretion in staying the judgment in all other situations, but could not because of Tex. R. Disciplinary Procedure 3.14.  Thus, Mark Cantu's equal protection rights have been violated. <u>Targee Management, L.L.C. v. Jones</u>, supra.

31.    Applicant asserts that Tex. R. Disciplinary Procedure 3.14 violates his constitutional rights to equal protection under the federal and Texas constitutions because under the Rule, a stay is

permitted when a *suspension* is granted, but not when disbarment is granted.  However, no rational distinction exists between a judgment of disbarment and a judgment of suspension.  If the imposition of a suspension as punishment in an underlying trial can be reviewed for procedural and substantive error then so should error in the underlying trial resulting in disbarment.

32.     The conflict in Tex. R. Disciplinary Procedure 3.14 barring of such relief is unconstitutional and even more so when considering the multiple points of error that not only warrant a new trial but in some instances the granting of a judgement notwithstanding the verdict.

33.     If the undersigned is required to wait the timeframe before the court of appeals reviews and decides in his favor, then he will have been unjustly punished by having been prohibited from continuing the practice of law while the disbarment judgment is not final.   Thus, Plaintiff's constitutional rights are violated.

34.     Such unequal treatment cannot be justified by claiming that a disbarred attorney is somehow special or presents a unique situation.  Functionally, the attorney who is disbarred is the same as the attorney suspended.  However, the suspended attorney is entitled to a stay, while the disbarred attorney is not.  Tex. R. Disciplinary Procedure 3.14.  **No rational basis exists for such a meaningless distinction.**  Thus, such lack of equal treatment violates Mark Cantu's protection rights.

## DECLARATORY JUDGMENT

35.     Plaintiff re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint and incorporates them by reference herein.

36.     As authorized by the Declaratory Judgment Act (28 U.S.C. § 2201-2202), Plaintiff requests that this Court declare the rights, status, and obligations of the parties.  He requests a declaration that Tex. R. Disciplinary Procedure 3.14 is unconstitutional.

## CONDITIONS PRECEDENT

37.    All conditions precedent to Plaintiff bringing this suit for declaratory relief and injunctive relief have been met or complied with or alternatively, Defendants have waived or are estopped from asserting that all conditions precedent to the bringing of this suit for declaratory relief have not been met. Additionally, Plaintiff has exhausted all State remedies required under the Texas *Pennzoil* case, supra.

## PRAYER

**WHEREFORE PREMISES CONSIDERED**, Plaintiff MARK A. CANTU, requests that Defendants be cited to appear and answer herein and that upon final hearing Plaintiff MARK A. CANTU have the following:

a. **An adjudication that no rational basis exists for the distinction made by Tex. R. Disciplinary Procedure 3.14 between a lawyer whom has been suspended and a lawyer who has been disbarred and that said distinction is unconstitutional**;

b. **Setting of a Supersedeas Bond** with any conditions that this Court deems appropriate

c. An adjudication that failure to grant Mark A. Cantu a stay (of the immediacy) of the disbarment violated Mark A. Cantu's rights to due process and equal protections;

d. An injunction enjoining the Commission For Lawyer Discipline and the Texas State Bar from denying Mark A. Cantu an opportunity to practice law during the pendency of the appeal and through the entirety of the appellate process;

e. An Injunction enjoining the Commission For Lawyer Discipline and the Texas State Bar from further disseminating any information for public distribution on their respective websites or otherwise that Mark A. Cantu is "disbarred" is "unauthorized to practice law", "does not have a law license" or directly or indirectly attempting to promote same during the appellate process;

f. An Injunction enjoining the Commission For Lawyer Discipline and the Texas State Bar from attempting to enforce any provision of the judgement of disbarment of April 11, 2016 through the entirety of the appellate process;

g.  All such other and further relief to which MARK A. CANTU may show himself to be justly entitled.

Respectfully submitted,

/s/ Mark A. Cantu

By: _____

Mark A. Cantu, Pro Se
801 West Nolana Avenue
Fountain View Plaza
Suite 320A
McAllen, Texas  78504
Telephone: 956-687-8181
**Cell Phone: 956-534-6275**
Facsimile:  956-687-8868
Email:  markcantu@hotmail.com

## VERIFIED APPLICATION FOR RESTRAINING ORDER AND INJUNCTIVE RELIEF

**COMES NOW**, Mark A. Cantu, Plaintiff/Applicant and files this Verified Application For Restraining Order And Injunctive Relief, and would show the Court as follows:

### PARTIES

1.      Plaintiff MARK A. CANTU is the Plaintiff in the above styled and numbered cause and the Applicant herein.

2.      The COMMISSION FOR LAWYER DISCIPLINE and the STATE BAR OF TEXAS are defendants herein.

### FACTS, ARGUMENT & AUTHORITY

3.      Applicant adopts each and every allegation set forth in the preceding paragraphs of the PLAINTIFF'S ORIGINAL COMPLAINT AND VERIFIED APPLICATION FOR RESTRAINING ORDER AND INJUNCTIVE RELIEF (the "Complaint") and incorporates all such herein for all intents and purposes, by reference, as if recited verbatim.

4.      It is recognized that a TRO or a PI is an extraordinary remedy and that a TRO should issue only if the alleged harm is immediate and irreparable. FED.R.CIV.P.65(b). It is further well-

settled that the Court may issue such relief if the movant establishes "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009).  Plaintiff herein provides ample evidence pertaining to each of the four elements.

    a.  (1) A *substantial likely hood of success on the merits.* [Exhibit 6 Motion For New Trial w/Exhibits and Exhibit 7 Appellant's Brief]. This Motion For New Trial clearly established the first prong which the Movant must show in order to get a TRO granted.  Movant Cantu cited over 300 cases which clearly demonstrate the errors committed in the underlying disciplinary action; including among them the fact that Judge Marvin Isgur perjured himself while under oath which is under investigation at this time.

    b.  (2) *A substantial threat of irreparable injury if the injunction is not issued*: The facts in the case at bar, supported by affidavit clearly demonstrate the irreparable harm and injury which the unwarranted disciplinary action has caused and continues to cause me and my family. I have been an attorney for over 34 years and have now been ruined by disparagement of my reputation, deprivation of my law license, my ability to earn a living, and the resulting economic devastation.

    c.  (3) *that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted*  is shown in that The State Bar loses nothing while I lose everything pending the appeal, until the unconstitutionality of Texas Rule Of Disciplinary Procedure 3.14 is addressed.  If granted this injunction I would be allowed to resume the practice of law pending resolution of the pending appeal and

whatever process would remain thereafter.  This is particularly important because there is no adequate remedy for my various losses. The harm in my being deprived of practicing law, undoubtedly far outweighs the interest of the State Bar in this matter.

d. (4) *That the granting of an injunction will not disserve the public interest.* In my years of practice I have provided counsel and legal services for thousands of individuals and protected their interests in litigation. Moreover, the disciplinary trial had absolutely nothing to do with a complaint from any client whom I served; but rather was instigated by Federal Bankruptcy Judge Marvin Isgur, who ultimately recused himself from my bankruptcy and admitted in his court testimony that he did not like me and that in his sole opinion, I should not be allowed to practice law.

5.  Applicant is not requesting that this Court address the merits of the disciplinary action but rather the unconstitutionality of Texas Rule of Disciplinary Procedure 3.14 which is not the subject of the appeal.

6.  The unconstitutionality of Texas Rule of Disciplinary Procedure 3.14 has not been addressed by the trial court, the 13th Court of Appeals nor the Supreme Court.

7.  Matters of due process and equal protection can only be addressed by Federal Courts after all state remedies and avenues have been exhausted, and with which this Movant has complied. See Texaco Inc. v. Pennzoil Co., Supra.  As shown, Movant has followed the dictates outlined by the Supreme Court Of The United States.

8.  Pursuant to the United States Supreme Court in the *Pennzoil* case, ***everyone*** is entitled to a Supersedeas bond.  No exception was carved out, including disciplinary proceedings.  However, and despite the unequivocally clear language of the *Pennzoil* opinion, I have not been allowed to post a Supersedeas bond pending finality of the trial court's judgment so that I may avoid the

continued irreparable harm that is resulting despite the likelihood of the reversal of the judgment of disbarment on appeal.   Review of those Orders which are attached to this Complaint and Application for TRO show that the basis for the denial was the language and effect of Texas Rule Of Disciplinary Procedure 3.14 which Movant states is unconstitutional, violates the equal protection afforded to *all* under the United States Constitution and the resulting irreparable harm to Mark A. Cantu.

9.     Applicant would show this Court that he is a victim of due process violations and equal protections under the laws which continue to be enforced and perpetuated by the Defendants, as pleaded above.

10.     An attorney disciplinary proceeding, "[w]hile not strictly a criminal prosecution, it is of that nature, and the punishment, in prohibiting the party following his ordinary occupation, would be severe and highly penal." In re Hamilton Baluss, 28 Mich. 507, 508 (1874).   The attorney must be presumed innocent, with all presumptions in his favor, and with a construction of innocence to be given if possible.   In re Haymond, 121 Cal. 388, 53 P. 899, 900 (1898).   As the New Mexico Supreme Court has explained:

> But a result so humiliating in its effect and **so disastrous in its consequences to him** [the respondent] should not be reached upon circumstances that appear merely suspicious, but only upon that credible and convincing testimony which will lead with reasonable certainty to the establishment of his guilt.   .   .   . **This right and privilege (of his profession) should not be destroyed or taken from him, and he be deprived of its benefits, and driven in humiliation and disgrace from his profession, unless upon reliable proof—such proof as would be sufficient to satisfy the mind of the court in determining questions involving the liberty and property of the citizen.**

In re Catron, 8 N. M. 253, 43 P. 724, 724-25 (1890).

11.     In the two to three years while the appeal is pending, Applicant will clearly continue to be harmed.

12.     Moreover, in the event that the trial court's judgment is reversed, Applicant will likely be unable to recoup his losses and doubts that the Commission for Lawyer Discipline will voluntarily compensate him. Furthermore, on February 2017, counsel for the State Bar of Texas made a second request for extension to respond and brief the law and attempt to generate some argument against Mark Cantu's brief and support of his Motion for New Trial; evidencing the difficulty the State Bar is having with the same.

13.     Because Applicant is unable to recoup his losses, he has no adequate remedy at law and the appeal is an exercise in futility. See, Braden v. Downey, 811 SW 2d 922, 930 (Tex. 1991).

14.     Furthermore, a *per se* denial of a stay constitutes a violation of due process. See, Texaco Inc. v. Pennzoil Co., 784 F.2d 1133, 1154 (2nd Cir. 1986), rev'd on other grounds, 481 US 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987).

15.     This Court is the sole Court with inherent power to address constitutional issues and to further order any conditions for a Supersedeas bond including but not limited to ordering Mark A. Cantu to ethics classes once a month, or other conditions it deems fitting, until a final determination is made by the appropriate Texas appellate courts. If the appellate courts reverse the underlying imposition of immediate disbarment by the State District Judge whose likely hood is shown in the attached Motion for New Trial; and this Court does not allow Movant to post a Supersedeas bond, then it will be an empty victory because Mark A. Cantu's reputation and financial condition will have been destroyed needlessly, beyond repair and without avenue for reparation from the Commission For Lawyer Discipline or the State Bar of Texas.

16.     Not all matters presented to the Courts are easy. Movant recognizes that not many Judges would want to be in the position of having to address the unconstitutionality of Texas Rule of Disciplinary Procedure 3.14 (which was promulgated by the Texas Supreme Court and made law by the Texas legislature) but this is the position in which this Court finds itself. Movant further

recognizes the possible repercussions on pending disciplinary actions as well as on those which have already occurred but that dilemma should not be considered an obstacle but rather an opportunity to address the constitutional issues that this Court, and this Court only, was empowered to protect.

17.     Movant is reminded of Justice Ruth Bader Ginsburg's recent words during the overturning of the unconstitutional Texas House Bill 2 "that it is beyond rational belief that H.B.2 could genuinely protect the health of women" beating down future abortion restriction, and stating that it would never be tolerated by the high court or survive judicial inspection. The case at bar, while not addressing abortion restrictions does speak to the unconstitutionality of an existing statute, namely Texas Rule of Disciplinary Procedure 3.14. It also will not and cannot survive judicial inspection. Consequently Movant states that application of the rule and depriving him of the right to practice law until a disbarment judgment actually either becomes final or is reversed by the appellate courts violates his right to equal protection under the laws, is unconstitutional and over which he has no adequate remedy at law if this request for injunction is not granted.

18.     Plaintiff makes this Application for Restraining Order and Injunctive Relief and seeks the immediate protection powers of this Court against Defendants who seek to enforce the judgment of the trial court before the appellate process is concluded and the finality of the judgment established.

19.     Plaintiff/Applicant has shown the unconstitutionality of Tex. R. Disciplinary Procedure 3.14; the resulting violation of his due process right and of equal protection under the law; a probable right of recovery (reversal of the trial court's judgement) as well as the continuing irreparable damage being caused to Applicant/Plaintiff and his family.

20.     Plaintiff/Applicant reasonably states that if left unrestrained, Defendants will continue to publish that the undersigned has been disbarred and seek to enforce all matters required of him by the trial Court's judgment while the case is pending.

## RELIEF

21.     Accordingly, Applicant requests that this Court grant the requested relief, and issue an ex-parte temporary restraining order, and after an evidentiary hearing, a temporary injunction, immediately enjoining/restraining COMMISSION FOR LAWYER DISCIPLINE and the TEXAS STATE BAR and their respective attorneys, agents, servants, employees or other representatives, and those persons in active concert or participation with them who receive actual, or constructive, notice of the Court's Order by personal service or otherwise, as follows:

> Enjoining the Commission For Lawyer Discipline and the Texas State Bar from further disseminating any information for public distribution on their respective websites or otherwise that Mark A. Cantu is "disbarred" is "unauthorized to practice law", "does not have a law license" or directly or indirectly attempting to promote same until the appellate process is concluded;

> Enjoining the Commission For Lawyer Discipline and the Texas State Bar from attempting to enforce any provision of the judgement of disbarment of April 11, 2016 through the entirety of the appellate process;

> Set forth provisions allowing a Supersedeas bond in this circumstance.

22.     Applicant requests a temporary restraining order be issued without advance notice to Defendants because there is not enough time to give notice and have a hearing on the same, the Plaintiff is under extreme physical, emotional and financial duress and it is probable that Defendants will continue to engage in the very conduct sought to be enjoined.

23.     Upon notice and hearing, Applicant requests that the temporary restraining order be continued as a temporary injunction. This request for temporary restraining order and injunctive relief seeks to alleviate the hardships being occasioned by the unconstitutionality of Tex. Rule of

Disciplinary Procedure 3.14 and its application by the Trial Court and the 13th Court Of Appeals and/or Texas Supreme Court during the conclusion of the appellate process.

24.     Applicant requests that upon the granting of the relief requested herein, that the Court include in its Temporary Restraining Order that a full evidentiary hearing will be held no later than 14 days from the date on which this Court issues its Temporary Restraining Order.

25.     Applicant states herein his willingness to submit to conditions of this Court such as monthly reporting to this Court and/or The State Bar or respective representatives, or any other condition directed by this Court.

26.     This application for injunctive relief is supported by the following documentation, all of which are true and correct copies of the originals.

> Exhibit 1: Trial Court Judgement of Disbarment
>
> Exhibit 2:  Trial Court Denial of Motion To Stay
>
> Exhibit 3:  Trial Court Denial of New Trial
>
> Exhibit 4:  13th Court of Appeal Denial Of Stay
>
> Exhibit 5:  Texas Supreme Court Denial Of Writ Of Mandamus for Stay
>
> Exhibit 6:  Motion For New Trial With Exhibits
>
> Exhibit 7:   Appellant's Brief
>
> Exhibit 8:  The verification/affidavit of Mark A. Cantu

27.     Applicant further requests that the Court grant Applicant's request that the Defendants retrieve from the Supreme Court of Texas Mark A. Cantu's Texas Bar Card and return it to him.

28.     Applicant further requests that the Court grant Applicants request that the Defendants remove from the State Bar Website as well as all websites controlled by the Commission of Lawyer Discipline as well at the Texas State Bar, any reference to disbarment and ensure that it appears that Mark A. Cantu is currently in good standing.

29.     Applicant further requests that the Court grant Applicant's request that the Defendants be ordered to produce a list of the individuals and entities to whom or through which they communicated that Mark A. Cantu's was disbarred and not authorized to practice law; that each such communication and /or publication be duplicated and provided to Mark A. Cantu and that Defendants prepare a letter for Mark A. Cantu's use indicating that he is in good standing, fully authorized to practice law and entitled to the privileges associated with a valid law license.

30.     Applicant requests that the foregoing production take place at the Office of Chief Disciplinary Counsel on or before a date certain to be determined by this Court.

31.     Applicant also requests that following the Court's execution of a temporary restraining order, such relief as this Court authorizes continue throughout the pendency of this case, and pursuant to FED.R.CIV.P that this Court enter an order of temporary injunction.

32.     Applicant also reserves the right to request such other and additional relief as may be warranted by the discovery of additional facts, circumstances and evidence.

**WHEREFORE, PREMISES CONSIDERED**, Applicant MARK A. CANTU prays that this Court immediately restrain Defendants as requested, and additionally ORDER Defendants to comply with the other relief requested by Applicant and granted by this Court. Applicant further prays that this Court set this matter for hearing, in accordance with FED.R.CIV.P, and for such other and further relief, either at law or in equity to which Applicant may be entitled.

Respectfully submitted,

/s/ Mark A. Cantu

By: _____

Mark A. Cantu, Pro Se
801 West Nolana Avenue
Fountain View Plaza
Suite 320A
McAllen, Texas  78504
Telephone: 956-687-8181
**Cell Phone: 956-534-6275**
Facsimile:  956-687-8868
Email:  markcantu@hotmail.com

# EXHIBIT "1"

Electronically Filed
4/11/2016 4:24:52 PM
Hidalgo County District Clerks
Reviewed By: Irene Caceres

## CAUSE NO. C-0027-12-I

| | | |
|---|---|---|
| COMMISSION FOR LAWYER DISCIPLINE, **Petitioner** | § § § § | IN THE DISTRICT COURT |
| v. | § § § | 398th JUDICIAL DISTRICT |
| MARK A. CANTU **Respondent** | § § § | HIDALGO COUNTY, TEXAS |

## JUDGMENT OF DISBARMENT

Came on to be heard the above-entitled and numbered cause, where Petitioner, COMMISSION FOR LAWYER DISCIPLINE, and Respondent, MARK A. CANTU, State Bar No. 03767445, appeared personally and through their respective attorneys of record and announced ready for trial. The case was tried to a jury which returned a verdict incorporated herein by reference. After the jury's verdict, the Court heard evidence regarding the proper sanction. The Court, after considering the verdict of the jury, the pleadings on file, the evidence presented and the argument of counsel, finds that the Petitioner is entitled to the following Judgment:

### Jurisdiction and Venue

The Court finds that Respondent, MARK A. CANTU, State Bar No. 03767445 was an attorney licensed to practice law in Texas at the time of the filing of this disciplinary cause of action. The Court finds it has jurisdiction over the parties and subject matter of this action and that venue is proper in the District Court of Hidalgo County, Texas, 398th Judicial District.

### Professional Misconduct

The Court further finds that the acts and conduct of Respondent as found by the jury constitute professional misconduct in violation of Rules 3.02, 3.03(a)(1), 3.03(a)(5) and 8.04(a)(3) of the Texas Disciplinary Rules of Professional Conduct.

**Judgment of Disbarment**
**Page 1 of 4**

Electronically Filed
4/11/2016 4:24:52 PM
Hidalgo County District Clerks
Reviewed By: Irene Caceres

## Disbarment

Therefore, the Court, after considering each of the factors set out in Texas Rule of Disciplinary Procedure Rule 3.10, concludes and is of the opinion and so finds that the proper discipline of the Respondent for each of the above stated acts of professional misconduct is **DISBARMENT**.

It is, therefore, ORDERED AND DECREED that MARK A. CANTU, State Bar No. 03767445, is hereby immediately disbarred and that he shall henceforth exercise none of the privileges and prerogatives of the office of attorney at law.

It is further ORDERED, ADJUDGED, and DECREED that Respondent MARK A. CANTU is permanently prohibited from practicing law in Texas, holding himself out as an attorney at law, performing any legal services for others, accepting any fee directly or indirectly for legal services rendered after today, appearing as counsel or in any representative capacity in any proceeding in any Texas court or before any Texas administrative body, or holding himself out to others or using his name, in any manner, in conjunction with the words "attorney at law," "attorney," "counselor at law," or "lawyer".

It is further ORDERED that Respondent MARK A. CANTU shall immediately surrender his Texas law license and permanent State Bar Card to the State Bar of Texas, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701) for transmittal to the Clerk of the Supreme Court of Texas. It is further ORDERED, that Respondent, MARK A. CANTU, shall immediately notify in writing all current clients of this suspension. In addition to such notification, the Respondent is ORDERED to return all files, papers, monies and other property belonging to clients in the Respondent's possession to the respective clients or to another attorney at the client's request. Respondent is ORDERED to file with this Court

Electronically Filed
4/11/2016 4:24:52 PM
Hidalgo County District Clerks
Reviewed By: Irene Caceres

on or before 12:01 a.m. on the 30th day following the signing of this judgment, an affidavit stating that all current clients have been notified of the Respondent's Disbarment and that all files, papers, monies and other property belonging to all clients have been returned as ordered herein. Respondent is further ORDERED to provide a photocopy of the affidavit and all notices to the State Bar of Texas, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701). It is further ORDERED Respondent, MARK A. CANTU, shall immediately notify in writing each and every justice of the peace, judge, magistrate, administrative judge and/or chief justice of each and every court in which the Respondent has any matter pending of the terms of this judgment, the style and cause number of the pending matter(s), and the name, address and telephone number of the client(s) Respondent is representing in that court or administrative agency. Respondent, on or before 5:00 p.m. on the 30th day following the signing of this judgment, shall provide a photocopy of all notices to the State Bar of Texas, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701).

## Attorney Fees and Expenses

It is further ORDERED, ADJUDGED, and DECREED that the State Bar of Texas shall have judgment against Respondent MARK A. CANTU for reasonable and necessary attorney's fees and direct expenses through trial of this matter in the amount of $84,921.48. Payment of the foregoing fees and costs is to be made within 30 days of the date of the signing of this judgment by certified check, money order or other method of guaranteed payment made payable to the State Bar of Texas, Office of Chief Disciplinary Counsel, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701).

In the event these attorney's fees and costs through trial are not paid on or before the thirtieth day following the signing of this Judgment, the State Bar of Texas shall have interest at the maximum lawful rate on all unpaid amounts and all writs and other post-judgment remedies

Electronically Filed
4/11/2016 4:24:52 PM
Hidalgo County District Clerks
Reviewed By: Irene Caceres

necessary to collect all unpaid amounts, including the costs of collection. Additionally, if this matter be appealed to the Court of Appeals, it is ordered that additional reasonable and necessary attorneys fees be paid to the State Bar of Texas for successfully defending this judgment in the Court of Appeals in the amount of $25,000.00, and the additional amount of $10,000 in the event the State Bar of Texas successfully defends this judgment after an application for review by the Supreme Court of Texas.

It is further ORDERED that any attorney fees and costs ordered herein are penal in nature and part of the sanction for misconduct which results from regulation of Respondent's law license by the State Bar of Texas and the Supreme Court of Texas, through the Texas Disciplinary Rules of Professional Conduct. Payment of all fees shall be a condition precedent to any application for reinstatement to the practice of law by Respondent.

### Order to District Clerk

It is further ORDERED that the Clerk of this Court shall forward two certified photocopies of Petitioner's most current Original Disciplinary Petition on file in this case, along with two photocopies of this Judgment to the Office of the Chief Disciplinary Counsel, State Bar of Texas at 711 Navarro, Suite 750, San Antonio, Texas 78205.

All relief requested by any party not expressly granted in this Judgment is DENIED.

SIGNED this 11th day of ____APRIL____, 2016.

JUDGE LORI L. VALENZUELA, PRESIDING

**Judgment of Disbarment**
Page 4 of 4

# EXHIBIT "2"

Electronically Filed
5/11/2016 2:49:27 PM
Hidalgo County District Clerks
Reviewed By: Irene Caceres

NO. C-0027-12-I

| | | |
|---|---|---|
| COMMISSION FOR LAWYER | § | IN THE DISTRICT COURT |
| DISCIPLINE | § | |
|       Petitioner | § | |
| | § | 398TH JUDICIAL DISTRICT |
| | § | |
| MARK A. CANTU, III | § | |
|       Respondent | § | HIDALGO COUNTY, TEXAS |

## ORDER DENYING RESPONDENT'S MOTION FOR STAY

On the 11th day of May, 2016, the Court considered Respondent, Mark A. Cantu, III's, First Amended Motion for Stay in the above matter.

Under Rule 3.14 of the Texas Rules of Disciplinary Procedure a district court judgment of disbarment from the practice of law cannot be superseded or stayed.

Therefore the Respondent's Motion for Stay is **DENIED**.

SIGNED and ENTERED on ___11 MAY 2016___.


_____
LORI I. VALENZUELA
JUDGE PRESIDING

# EXHIBIT "3"

Electronically Filed
6/21/2016 10:20:18 AM
Hidalgo County District Clerks
Reviewed By: Irene Caceres

CAUSE NO. C-0027-12-I

| | | |
|---|---|---|
| **COMMISSION FOR LAWYER COURT** | § | **IN THE DISTRICT** |
| **DISCIPLINE,** | § | |
| **Petitioner** | § | |
| | § | |
| **v.** | § | **398th JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **MARK A. CANTU** | § | |
| **Respondent** | § | **HIDALGO COUNTY, TEXAS** |

## <u>ORDER DENYING NEW TRIAL</u>

Came on to be heard Respondent's Emergency Motion for New Trial and/or Judgment Notwithstanding Verdict. Having read the motion and response, and considering the arguments and any evidence presented, the Court finds the motion should be and is hereby, IN ALL THINGS DENIED.

IT IS NOW ORDERED that Respondent's Emergency Motion for New Trial and/or Judgment Notwithstanding Verdict is hereby in all things DENIED.

SIGNED the **20** day of June 2016.

Hon. Lori Valenzuela, Presiding

# EXHIBIT "4"



## NUMBER 13-16-00332-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **MARK A. CANTU, III,** | **Appellant,** |

**v.**

| | |
|---|---|
| **COMMISSION FOR LAWYER DISCIPLINE,** | **Appellee.** |

**On appeal from the 398th District Court
of Hidalgo County, Texas.**

# ORDER

### Before Justices Rodriguez, Benavides, and Perkes
### Order Per Curiam

On June 22, 2016, appellant Mark A. Cantu III ("Cantu") filed a notice of appeal in this cause related to a judgment of disbarment rendered against him. On July 7, 2016, Cantu filed an Emergency Motion for Stay of Trial Court Judgment, alleging *inter alia* that "a substantial likelihood exists that such judgment will be reversed" and that during the pendency of this appeal, he will suffer harm for failure "to earn a living" as a result of his

disbarment.  Appellee, the Commission for Lawyer Discipline, filed a response to Cantu's motion for emergency relief on July 12, 2016.

"A district court judgment of disbarment . . . from the practice of law cannot be superseded or stayed."  TEX. R. DISCIPLINARY P. 3.14.  We treat disciplinary rules with the same authority as statutes.  *See O'Quinn v. State Bar of Tex.*, 763 S.W.2d 397, 399 (Tex. 1988).  In his motion, Cantu argues exactly for the type of relief that Rule 3.14 expressly and unambiguously prohibits.  Therefore, the Court, having examined and fully considered the motion for emergency relief and response, is of the opinion that the motion should be denied.  The motion for emergency relief is DENIED.

It is so ORDERED.

PER CURIAM

Delivered and filed the
14th day of July, 2016.

2

# EXHIBIT "5"

FILE COPY

RE: Case No. 16-0555                    DATE: 9/2/2016
COA #: 13-16-00332-CV                   TC#: C-0027-12-I
STYLE: IN RE CANTU

Today the Supreme Court of Texas denied the petition
for writ of mandamus as supplemented in the above-referenced
case.



MS. LAURA  HINOJOSA
HIDALGO DISTRICT CLERK
100 N. CLOSNER, 1ST FLOOR
EDINBURG, TX  78539

FILE COPY

RE: Case No. 16-0555                 DATE: 9/2/2016
COA #: 13-16-00332-CV          TC#: C-0027-12-I
STYLE: IN RE CANTU

    Today the Supreme Court of Texas denied the petition for writ of mandamus as supplemented in the above-referenced case.

LORI I. VALENZUELA
JUDGE, 437TH DISTRICT COURT
300 DOLOROSA ST, #3.1
SAN ANTONIO, TX  78205-3028

FILE COPY

RE: Case No. 16-0555                    DATE: 9/2/2016
COA #: 13-16-00332-CV                   TC#: C-0027-12-I
STYLE: IN RE CANTU

 Today the Supreme Court of Texas denied the petition for writ of mandamus as supplemented in the above-referenced case.


MS. CYNTHIA CANFIELD HAMILTON
SENIOR APPELLATE DISCIPLINARY COUNSEL
OFFICE OF THE CHIEF DISC. COUNSEL
P. O. BOX 12487
AUSTIN, TX  78711-2487
* DELIVERED VIA E-MAIL *

FILE COPY

RE: Case No. 16-0555                    DATE: 9/2/2016
    COA #: 13-16-00332-CV                TC#: C-0027-12-I
STYLE: IN RE CANTU

        Today the Supreme Court of Texas denied the petition
for writ of mandamus as supplemented in the above-referenced
case.



                    MR. PAUL H. HOMBURG III
                    OFC. OF THE CHIEF DISCIPLINARY
                    COUNSEL
                    STATE BAR OF TEXAS
                    126 EAST NUEVA SUITE 200
                    SAN ANTONIO, TX  78204
                    * DELIVERED VIA E-MAIL *

FILE COPY

RE: Case No. 16-0555                    DATE: 9/2/2016
COA #: 13-16-00332-CV                   TC#: C-0027-12-I
STYLE: IN RE CANTU

    Today the Supreme Court of Texas denied the petition
for writ of mandamus as supplemented in the above-referenced
case.

                    MR. MARK A. CANTU
                    LAW OFFICE OF MARK A. CANTU
                    801 W. NOLANA AVENUE, SUITE 320A
                    MCALLEN, TX  78504
                    * DELIVERED VIA E-MAIL *

FILE COPY

RE: Case No. 16-0555                    DATE: 9/2/2016
COA #: 13-16-00332-CV                    TC#: C-0027-12-I
STYLE: IN RE CANTU

    Today the Supreme Court of Texas denied the petition for writ of mandamus as supplemented in the above-referenced case.


MS. DORIAN E. RAMIREZ
CLERK, THIRTEENTH COURT OF APPEALS
901 LEOPARD STREET, 10TH FLOOR
CORPUS CHRISTI, TX  78401
* DELIVERED VIA E-MAIL *