**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MARK CANTU, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| *v.* | § | Civil Action No.  SA-17-CV-160-XR |
| | § | |
| COMMISSION FOR LAWYER | § | |
| DISCIPLINE and STATE BAR OF TEXAS, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

On this date, the Court considered Plaintiff Mark Cantu's Verified Application for Temporary Injunction and Defendants' Motion to Dismiss (docket no. 10). After careful consideration, the motion to dismiss is GRANTED.

## BACKGROUND

This case arises out of disciplinary action taken against Plaintiff Mark Cantu by the State Bar of Texas. Cantu, an attorney for 34 years, filed for bankruptcy. A non-dischargeability complaint was filed in his bankruptcy proceedings, and after a trial in the Bankruptcy Court for the Southern District of Texas, Judge Marvin Isgur denied discharge of Cantu's bankruptcy on February 17, 2011.  Judge Isgur's 72-page opinion was forwarded to the State Bar of Texas, which instituted disciplinary action against Cantu in 2012. This action culminated in a jury trial in the 398th Judicial District Court for Hidalgo County, in which the jury found in favor of the Commission for Lawyer Discipline and against Cantu.  Pursuant to Texas Rules of Disciplinary Procedure 3.09 and 3.10, the state trial court determined the appropriate sanction and entered a judgment of disbarment against Cantu on April 11, 2016.

1

Judge Valenzuela issued fact findings and conclusions of law on June 10, 2016. The fact findings cited other instances of misconduct by Cantu during the pre-trial proceedings, in 1998, 2000, 2001, and in 2015. In her conclusions of law, Judge Valenzuela noted that the following factors supported the imposition of severe sanctions for Cantu's professional misconduct: the nature and degree of his professional misconduct; the seriousness and circumstances surrounding his professional misconduct; the damage to the profession resulting from his professional misconduct; the profit to Cantu from his misconduct; the need to avoid repetition; the need to deter others from similar conduct; the need to maintain respect for the legal profession; evidence presented during trial; other relevant evidence concerning Cantu's personal and professional background, and Cantu's disciplinary record. She concluded, "Based on the factors set forth in Rule 3.10 of the Texas Rules of Disciplinary Procedure, the appropriate sanction for each of Respondent's acts of professional misconduct is disbarment."

Following the entry of judgment, Cantu filed a Motion for Stay in the trial court, which the trial court denied on May 11, 2016, citing Texas Rule of Disciplinary Procedure 3.14. Docket no. 1, Exhibit 2. Rule 3.14 states, "A district court judgment of disbarment or an order revoking probation of a suspension from the practice of law cannot be superseded or stayed." On May 5, Cantu filed a Motion for New Trial, which was denied on June 21, 2016. Docket no 1, Exhibit 3. Cantu did not raise his constitutional arguments in the trial court.

Cantu next perfected an appeal, which is currently pending before Texas's Thirteenth Court of Appeals in Corpus Christi. *See* Docket no. 1, Exhibit 4. In that action, Cantu filed an Emergency Motion for Stay of Trial Court Judgment, seeking a stay of the trial court's disbarment judgment. *Id.* at 1. Therein, Cantu argued that the trial court erred in various ways during trial and that the judgment should be stayed pending appeal. In his "Conclusion and

Prayer," he asserted that if the Court of Appeals found (like the trial court) that Rule 3.14 barred such relief, that Rule 3.14 violated his right to equal protection because a suspension could be stayed but a disbarment judgment could not. He also asserted that "a *per se* denial of a stay constitutes a violation of due process." The Court of Appeals denied the motion on July 14, 2016 by relying on Texas Rule of Disciplinary Procedure 3.14. It noted that Cantu "argues exactly for the type of relief that Rule 3.14 expressly and unambiguously prohibits." In its order, it stated that it had "examined and fully considered the motion for emergency relief."

Cantu then filed a Petition for Writ of Mandamus to the Texas Supreme Court, which was denied on September 2, 2016. Docket no. 1, Exhibit 5. Therein, Cantu asserted that he was "seeking vindication of his rights with regard to his inability to supersede the facially erroneous judgment of disbarment, as guaranteed by the United States Constitution, and the Constitution of the State of Texas." The "Issues Presented" included (1) Did the trial court abuse its discretion in denying a stay? (2) Does the prohibition of a stay contained in Tex. R. Disciplinary Procedure 3.14 violate Relator's due process rights? and (3) Does the prohibition of a stay contained in Tex. R. Disciplinary Procedure 3.14 violate Relator's equal protection rights?

Cantu argued that the refusal to grant a stay violated his due process rights insofar as it "will likely destroy Relator, both his law practice and individually." He further argued that refusal to grant a stay violates his equal protection rights because the trial court has discretion to grant a stay in other situations, but not for disbarred attorneys. Cantu filed a supplement to the Petition for Writ of Mandamus asserting that he was suffering irreparable harm and requesting expedited relief. The petition was denied on September 2, 2016, without written analysis or order.

On March 1, 2017, Cantu filed his original complaint, which included an application for temporary restraining order. Docket no. 1. The same day, this Court issued an order denying the motion for TRO because Cantu had failed to satisfy the procedural requirements for issuance of an TRO without notice and had not adequately demonstrated a likelihood of success on his federal constitutional claims (as opposed to in the underlying appeal in state court).

On April 6, Cantu filed his Amended Complaint and Verified Application for Injunctive Relief, naming the Commission of Lawyer Discipline and the State Bar of Texas as defendants. Docket no. 6. On April 27, Defendants filed a motion to dismiss (docket no. 10), raising several arguments, including that (1) Cantu's federal constitutional claims are barred by the Eleventh Amendment because the State Bar is an agency of the State and the Commission for Lawyer Discipline, as one of its committees, is also entitled to immunity, and (2) that the Court should abstain under the principles of *Younger v. Harris*. This Court held a hearing on the motion to dismiss and Cantu's motion for temporary injunction on May 22, 2017.

**DISCUSSION**

**Eleventh Amendment immunity**

Defendants assert that they are entitled to immunity under the Eleventh Amendment, citing *Green v. State Bar of Texas*, 27 F.3d 1083, 1087 (5th Cir. 1994) and *Krempp v. Dobbs*, 775 F.2d 1319, 1321 & n.1 (5th Cir. 1985) ("Plaintiffs' claims for damages against the State Bar and the State Commission on Judicial Conduct are barred by the eleventh amendment" and "[s]ince plaintiffs seek injunctive relief only against these entities and not against a state official, *Cory* [*v. White*, 457 U.S. 85 (1982)] precludes injunctive relief as well.") ("The State Bar is an agency of the Texas Judicial Department. The State Commission on Judicial conduct is also an agency of the state."). It appears that all courts that have considered the issue, including the Fifth

Circuit, have concluded that the State Bar and its committees and divisions are state agencies for purposes of Eleventh Amendment immunity. *Bishop v. State Bar of Texas*, 791 F.2d 435 (5th Cir. 1986); *Hensler v. Dist. Four Grievance Comm. of the State Bar of Tex.*, 790 F.2d 390 (5th Cir. 1986); *Gilbert v. Perry*, 302 F. App'x 320 (5th Cir. 2008) (per curiam); *Martin v. State Bar of Texas*, 2013 WL 3283729 (N.D. Tex. June 28, 2013); *Leuvano v. State Bar of Texas*, 2011 WL 334291 (S.D. Ill. Jan. 29, 2011); *Fred v. State Bar of Texas*, 1999 WL 68643 (N.D. Tex. Feb. 5, 1999).

Cantu argued at the hearing that the Eleventh Amendment would not bar patently unconstitutional actions by the State or its agencies, and noted that he sought only injunctive relief. In his supplemental response filed after the hearing, Cantu argues that "immunity in federal court does not apply to prospective relief" and notes that he is not seeking money damages. However "the Eleventh Amendment by its terms clearly applies to a suit seeking an injunction." *Cory v. White*, 457 U.S. 85, 91 (1982). As alluded to in *Kempp*, claims for injunctive and declaratory relief brought against *individuals* may be asserted without the Eleventh Amendment immunity bar under *Ex Parte Young*, 209 U.S. 123 (1908). *See also Armstrong v. Exceptional Child Center, Inc.*, 135 S. Ct. 1378, 1384 (2015) ("It is true enough that we have long held that federal courts may in some circumstances grant injunctive relief against state officers who are violating, or planning to violate, federal law."). But Cantu has not sued any individuals or asked to amend his complaint to do so.[1] Therefore, all of Cantu's current claims are barred by Eleventh Amendment immunity, and the motion to dismiss on this basis is granted.

---

[1] Cantu referred at the hearing to the Supreme Court's decision in *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292 (2016) and specifically Justice Ginsburg's opinion therein, to assert that his claims are not barred by the Eleventh Amendment. However, the claims for injunctive and declaratory relief in *Hellerstedt* were asserted against individuals in their official capacities.

***Younger* abstention**

In the interest of completeness, the Court considers Defendants' abstention argument in the event that Cantu were to seek to amend his pleadings to assert claims against individuals. Defendants contend that this Court must abstain from considering Cantu's claims pursuant to *Younger* abstention principles. There are three criteria for *Younger* abstention: (1) do the state bar disciplinary proceedings constitute an ongoing state judicial proceeding; (2) do the proceedings implicate an important state interest; and (3) is there an adequate opportunity to raise and have timely decided by a competent state tribunal the federal issues involved.

The first two criteria are satisfied and essentially undisputed here. The Supreme Court held in *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423 (1982) that state bar disciplinary proceedings were of the character to warrant federal court deference. *See also Wightman v. Texas Supreme Court*, 84 F.3d 188 (5th Cir. 1996) ("It is now well recognized that attorney disciplinary proceedings are among those judicial proceedings invested with sufficient important state interest to warrant deference under *Younger*."); *Rickhoff v. Willing*, 457 F. App'x 355, *2 (5th Cir. 2012) (noting that *Younger* abstention has been extended to apply to certain kinds of civil and administrative proceedings that are judicial in nature, and circuit courts have applied *Younger* abstention to judicial oversight and disciplinary proceedings). In addition, the Supreme Court held in *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987) that *Younger* abstention principles would apply to attempts to enjoin enforcement of judgments as well as to claims focused on the underlying proceedings. It is also undisputed that the disciplinary proceedings were ongoing at the time this action was filed and continue to be ongoing.

The disagreement centers on the third requirement – whether Cantu had or has an adequate opportunity in the state proceedings to raise his federal constitutional challenges. Defendants contend that Cantu has not and cannot show that Texas courts are incapable of handling his constitutional claims and that "denial of emergency injunctive relief or denial of mandamus are not decisions on his constitutional claim." Motion at 6-7. Defendants find strong support in *Musslewhite v. State Bar of Texas*, 32 F.3d 942, 945 (5th Cir. 1994), where the Fifth Circuit stated "that 'the Texas scheme for disciplining attorneys is fully capable of considering the constitutional arguments of attorney-defendants relating to specific procedures followed in their cases.'"

Cantu argues that he attempted to raise his constitutional arguments in the Court of Appeals (through the emergency motion to stay the judgment pending appeal) and in the Texas Supreme Court (through his petition for writ of mandamus), but they have refused to consider his claims. He contends that "[a]bstention has been satisfied if the state's highest court has been provided an opportunity to rule on the matter," citing *Carter v. Estelle*, 677 F.2d 427, 442 n.10 (5th Cir. 1982).

The relevant question, however, is not whether the state courts have been given an opportunity to rule on the constitutional claims, but whether Cantu had or has an adequate opportunity to raise his federal constitutional claims in the state court. Certainly the state district court, the Thirteenth Court of Appeals, and the Texas Supreme Court are competent bodies for analyzing Cantu's constitutional challenges. Cantu had the opportunity to raise his constitutional claims in each of these courts. He did not raise his claims in the trial court, or in his appellate brief to the Court of Appeals, though he has not shown that he lacked the opportunity to do so. He did raise them by way of motion in the Court of Appeals, and the Court of Appeals' order

denying his motion states that it considered the merits of his motion. In addition, he had the opportunity to raise his claims before the Texas Supreme Court, which denied his petition for writ of mandamus.[2]

Nor has Cantu shown that he is precluded from further raising his claims in the Texas courts, either in the ordinary course or on an expedited basis. Cantu may yet further raise both his federal and state constitutional claims in the Texas courts, and (as noted by the Supreme Court in *Pennzoil*) the Texas courts could decide the issue on Texas constitutional grounds such as the open-courts provision, rendering any opinion on the federal claims in this Court advisory. Cantu has failed to demonstrate that he lacks an adequate opportunity to raise his claims in the state courts.

Cantu's reliance on *Carter v. Estelle*, 677 F.2d 427, 442 n.10 (5th Cir. 1982), a habeas case, is misplaced, since the rules and procedures governing habeas relief contemplate exhaustion through the state courts and then federal court review. Such a system is not in place for 1983 actions such as this one, and Cantu misconstrues *Younger* abstention as merely a requirement that a plaintiff exhaust his claims in state court before going to federal district court for review. But *Younger* is not a requirement to exhaust state court remedies; *Younger* does not permit a litigant to go to federal court after exhausting state court opportunities; it considers only whether there is an adequate opportunity to raise the constitutional claims in the state proceedings. Where such an opportunity exists, principles of comity require federal courts to abstain.[3] Here, Cantu has such an opportunity, and this Court must abstain.[4]

---

[2] The Fifth Circuit held in another case on appeal from an order by the Undersigned Judge that "review by the Texas Supreme Court is not required" to satisfy the opportunity requirement. *Rickhoff v. Willing*, 457 F. App'x 355 (5th Cir. 2012).

[3] When constitutional claims have been decided by the state court, additional principles of comity and abstention doctrines preclude federal district courts from considering those same claims on collateral attack, as explained in *Liedtke v. State Bar of Texas*, 18 F.3d 315 (5th Cir. 1994) and *Musslewhite v. State Bar of Texas*, 32 F.3d 942, 945

## CONCLUSION

Defendants' motion to dismiss (docket no. 10) is GRANTED. Cantu's claims are barred by the Eleventh Amendment and, in the alternative, the Court finds that abstention is required. Cantu's claims are therefore DISMISSED WITHOUT PREJUDICE. The Clerk is directed to enter judgment accordingly and to close this case.

It is so ORDERED.

SIGNED this 1st day of June, 2017.

 

 

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

(5th Cir. 1994). Constitutional questions arising in state proceedings are to be resolved by the state courts. If a state court errs, it is to be reviewed on appeal and then by writ to the United States Supreme Court.

[4] Further, this Court does not find that bad faith, harassment, or other exceptional circumstances dictate to the contrary.